UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

June 3, 2021

Paul Condon, Esq.
471 Central Avenue
Jersey City, NJ 07307
*Counsel for Defendant*

Robert Frazer, Esq.
Office of the United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
*Counsel for the United States of America*

### LETTER OPINION FILED WITH THE CLERK OF THE COURT

**Re:** *United States v. Loyal*
**Criminal Action No. 19-725**

Counsel:

Before this Court is Defendant Quadir Loyal's ("Defendant") Motion for Compassionate Release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). (D.E. 35; D.E. 38.) This Court having considered the parties' submissions, and for the reasons discussed below, denies Defendant's motion.

### DISCUSSION

A.

Although a district court generally has limited authority to modify a federally imposed sentence once it commences, *see Dillon v. United States*, 560 U.S. 817, 825 (2010); *United States of America v. Ibn Muhammad,* Crim. No. 12-789, 2020 WL 6543216, at *1 (D.N.J. Nov. 5, 2020), the recently enacted First Step Act ("FSA"), 18 U.S.C. § 3582(c)(1)(A)(i), permits district courts to grant compassionate release where there exist "extraordinary and compelling reasons" to reduce a sentence. The statute provides, in relevant part, that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf

or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c). As such, under the FSA, "a defendant seeking a reduction in his term of imprisonment bears the burden of establishing both that he has satisfied (1) the procedural prerequisites for judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release." *Muhammad*, 2020 WL 16543216, at *2.

At the second step, a court may reduce an inmate's sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) "if the court finds that (1) extraordinary and compelling reasons warrant a reduction, (2) the reduction would be consistent with applicable policy statements issued by the Sentencing Commission, and (3) the applicable sentencing factors under § 3553(a) warrant a reduction." *United States v. Sparrow*, Crim. No. 18-653, 2020 WL 4364328, at *2 (D.N.J. July 30, 2020) (citation omitted). The Sentencing Commission's relevant policy statement identifies medical conditions that meet the "extraordinary and compelling" requirement as those where the defendant is (i) suffering from a terminal illness, or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1(A).

If a court does find that "compelling and extraordinary reasons" exist, it must then consider the relevant sentencing factors under Section 3553(a) before determining whether a reduction is warranted. *United States v. Dunich-Kolb*, Crim. No. 14-150, 2020 WL 6537386, at *9 (D.N.J. Nov. 5, 2020) ("That requirement is no mere afterthought; it has independent bite."). These factors include but are not limited to the defendant's history and characteristics, the need for the sentence imposed to reflect the seriousness of the offense, the need to promote respect for the law and provide just punishment, the need to encourage deterrence of criminal conduct, the sentencing range for the applicable offense category, and the need to avoid sentencing disparities. *United States v. Pawlowski*, 967 F.3d 327, 329–30 (3d Cir. 2020); *United States v. Naik*, Crim. No. 18-190, 2020 WL 6156715, at *2 (D.N.J. Oct. 21, 2020); *Dunich-Kolb*, 2020 WL 6537386, at *10.

B.

Defendant was "caught selling heroin in Newark, New Jersey" on or about February 17, 2019. (D.E. 40 at 1.) On May 20, 2020, pursuant to an agreement in which Defendant pled guilty to violating 21 U.S.C. § 841(a)(1), this Court sentenced Defendant to 36 months of imprisonment, followed by three years of supervised release. (*Id*. at 1-2; D.E. 38 at 2.)

On or around June 29, 2020, Defendant submitted a *pro se* petition to this Court. (D.E. 35.) At that time, Defendant was being held at the Essex County Correctional Facility ("Essex County") and had not yet been transferred to a BOP facility to serve his sentence. (*Id*. at 1.) Defendant argued that it was impossible for him to administratively exhaust his claims by filing a request with his warden, because he had not yet been transferred. (*Id*.) Defendant was subsequently transferred to Cumberland Federal Correctional Institution ("FCI Cumberland") in Cumberland, Maryland. (D.E. 38 ¶ 2.)

On November 23, 2020, Defendant filed a counseled supplemental motion for compassionate release, arguing, *inter alia*, that Defendant suffers from asthma and high blood pressure, and thus is at a heightened risk of "respiratory dangers directly linked to COVID-19." (*Id*. ¶ 5.) Defendant noted that he has served 21 months of his 36-month sentence and would be better able to practice social distancing and otherwise avoid the risks of the virus in home confinement. (*Id*. ¶¶ 8-14.) The Government opposed on May 12, 2021. (D.E. 40.) In its opposition, the Government argues that Defendant has not "exhausted his administrative remedies." (*Id*. at 2-3.)

C.

This Court may not waive the statutory requirement that it may only grant a motion for reduction of sentence under the FSA that was filed "after the defendant ha[d] fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); *see, e.g.*, *Raia*, 954 F.3d at 957; *Massieu v. Reno*, 91 F.3d 416, 419 (3d Cir. 1996). Here, Defendant has failed to exhaust administrative remedies prior to filing with this Court. *See Raia*, 954 F.3d at 957.

Although Defendant argues that he could not statutorily exhaust his claims prior to transfer to FCI Cumberland, he made no effort to raise his claims with Essex County administrators. *See United States v. Moore*, Crim. No 19-101, e, at *1 (D.N.J. July 27, 2020) (determining that claims were properly exhausted where a defendant, who was temporarily housed in Hudson County, filed his administrative request for compassionate release with his temporary warden). Moreover, Defendant has failed to produce evidence that, since being transferred to Maryland, he has made any attempt to properly exhaust his claims. (*See generally* D.E. 38.) Therefore, this Court lacks jurisdiction over Defendant's case, and it must be dismissed. *See, e.g.*, *Byrne v. Ortiz*, Crim. No. 20-12268, 2020 WL 7022670, at *4 (D.N.J. Nov. 30, 2020) ("[T]he Third Circuit require[s] the exhaustion of administrative remedies.") (citation omitted); *Dorsett v. United States*, Crim. No. 12-401, 2020 WL 7310564, at *3 (E.D. Pa. Dec. 11, 2020).

Because Defendant has not exhausted his administrative remedies, this Court may not consider the merits of his motion at this time, and his motion will be denied. However, even if Defendant were to cure these jurisdictional defects, Defendant's motion does not meet the high bar for compassionate release. First, Defendant is fully vaccinated against COVID-19 as of March 31, 2021. (*See* D.E. 40 at 6, 10-14.) Courts have noted that there is an "extremely small" likelihood that a fully vaccinated individual, such as Defendant, "will contract COVID-19 and become

seriously ill." *United States v. Pabon*, Crim. No. 17-312, 2021 WL 603269, at *4 (S.D.N.Y. Feb. 16, 2021); *see United States v. Doostdar*, Crim. No. 18-255, 2021 WL 429965, at *3 (D.D.C. Feb. 8, 2021) (denying compassionate release because defendant's "probability of becoming ill from COVID-19 [was] significantly diminished" post-vaccination); *United States v. Roper*, Crim. No. 16-335, 2021 WL 963583, at *4 (E.D. Pa. Mar. 15, 2021) ("The risk posed to an inoculated [defendant] is not an extraordinary and compelling reason for his release."). Thus, Defendant's concerns regarding his inability to socially distance at FCI Cumberland, (D.E. 35; D.E. 38), are likely insufficient to establish the "compelling and extraordinary reasons" necessary to justify granting his request, *see Epstein*, 2020 WL 1808616 at *2.

Pursuant to Section 3582(c)(1)(A), Defendant must first present his request to administrative officials to allow them to evaluate his current circumstances in light of COVID-19 concerns. As Defendant has failed to do so, this Court lacks jurisdiction over his motion, which must be dismissed.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion for Compassionate Release (D.E. 35; D.E. 38) is **DENIED**. Should a change in circumstances so require, Defendant may renew his motion. An appropriate order follows.

                                                     /s/ Susan D. Wigenton
                                              **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties